IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER A. GEORGE,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD L. WINTROUB and BEN BELMONT,<br><br>Defendants. | 8:23-CV-338<br><br>MEMORANDUM AND ORDER |

The plaintiff, Alexander A. George, sued the defendants, Edward L. Wintroub and Ben Belmont, for breach of contract, fraudulent misrepresentation, defamation, conversion, undue seizure, and civil conspiracy. This matter is before the Court on Belmont's Motion to Dismiss (filing 9) and Motion for Sanctions (filing 14). The Court will grant Belmont's motion to dismiss, and the Court will deny the motions for sanctions at this time.

## I. BACKGROUND

The plaintiff is a citizen of Texas. Filing 1 at 2. Wintroub is a citizen of Nebraska and the attorney who represented the plaintiff in his divorce case in Nebraska. Filing 1 at 1-2. Ben Belmont is a citizen of Nebraska and the attorney who represented the plaintiff's ex-wife, Jeanie, in the divorce case and in 8:23-cv-56 in this Court. Filing 1 at 1-2.

### 1. STATE COURT PROCEEDINGS

On August 3, 2020, the plaintiff and Jeanie divorced in the District Court for Douglas County, Nebraska. *George v. George*, No. CI 17-10515 (Douglas

Cty. Dist. Ct. Neb. 2017). The Court has reviewed the state court docket in the matter, which is ongoing.

The plaintiff filed a motion to vacate the dissolution decree, alleging that Jeanie and her attorney, Belmont, made material misrepresentations of fact during the marital dissolution trial. The plaintiff appealed the denial of his motion, and the Nebraska Court of Appeals affirmed the decision of the District Court for Douglas County. *George v. George*, No. A-22-883, 2023 WL 5355272, at *1 (Neb. Ct. App. Aug. 22, 2023), *review denied* (Oct. 19, 2023). The plaintiff filed a motion to transfer venue to the District Court for Lancaster County, which was denied. In December 2023, the plaintiff served Jeanie with a new Complaint to Vacate Decree of Dissolution. Jeanie has filed a motion to dismiss the complaint which is still pending before the District Court for Douglas County.

## 2. FEDERAL COURT PROCEEDINGS

In August 2021 in a federal district court in Texas, the plaintiff sued Belmont and his law partner, Jeanie, and the Nebraska state judge who presided in his divorce proceeding. *See George v. George, et al,* No. 3:21-CV-2048-B. (N.D. Tex. Aug. 27, 2021). The plaintiff alleged tort and RICO violations, but he voluntarily dismissed his lawsuit in October 2021.

The plaintiff first sued Belmont in this district in 2020 for various tort claims arising out of Belmont's representation of Jeanie during their divorce proceedings. *See George v. Belmont*, No. 8:20-CV-529, 2021 WL 2117243, at *1 (D. Neb. May 25 2021), *aff'd*, No. 21-2260, 2021 WL 5895134 (8th Cir. Dec. 14, 2021). The Court dismissed that case based on *Younger* abstention, because the plaintiff and Jeanie had pending motions in state court to modify their divorce decree. *Id.* at *4 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

Undeterred, the plaintiff filed another action in this district against Belmont, his law partner, and Jeanie. See case no. 8:21-cv-424. As to Belmont the plaintiff's complaint alleged claims for intentional infliction of emotional distress, RICO, "fraud on the court," civil conspiracy, fraud, and deprivation of procedural due process. Filing 1 at 14-17 in case no. 8:21-cv-424. On March 28, 2022, the plaintiff and the defendants stipulated to the dismissal of the plaintiff's complaint with prejudice and stipulated to the withdrawal of the defendants' motion for rule 11 sanctions. Judgment was issued accordingly. *See* filing 30 in case no. 8:21-cv-424.

Then, the plaintiff filed yet another action in this district against Belmont and Jeanie. The complaint alleged claims for intentional infliction of emotional distress, fraudulent misrepresentation, defamation, and an additional claim against Belmont for seizure of property without due process. Belmont participated in the case as both a defendant, and as counsel for Jeanie. Belmont's motion to dismiss the claims against him was granted and he is no longer a party to that case. *See* filing 42 in case no 8:23-cv-56.

In this case, the plaintiff alleges this court has subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. The plaintiff alleges claims against both Belmont and Wintroub for fraudulent misrepresentation, defamation, conversion, and civil conspiracy. He also alleges a claim for undue seizure against Belmont, and a claim for breach of contract against Wintroub. The plaintiff requests compensatory damages, punitive damages, and injunctive relief. Belmont is the only defendant who has filed a motion to dismiss the complaint.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

3

relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat All. v. Fed. Emergency Mgt. Agency,* 615 F.3d 985, 988 (8th Cir. 2010). A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*; *Hastings v. Wilson,* 516 F.3d 1055, 1058 (8th Cir. 2008).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The Court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual

proof of those facts is improbable, and that recovery is very remote and unlikely. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)

But the facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *Id.* at 545. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal* at 678. Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" entails that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). The defendants are making a facial attack and the arguments focus on George's allegations in the first amended complaint. The Court will therefore liberally construe the plaintiff's pleadings and view the facts in the light most favorable to him. *See Topchian v. J.P. Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

### III. DISCUSSION

Belmont asserts the Court lacks subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. Belmont also argues that the plaintiff fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6); that the complaint is barred by *res judicata* and is repetitive of 8:23-cv-56; and that

5

this Court should abstain because the complaint is related to the underlying state court proceedings. Filing 10. Belmont has moved for sanctions under Fed. R. Civ. P. 11. Filing 14.

### 1. MOTION TO DISMISS
#### (a) Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 or 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

#### *(i) Federal question*

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal question jurisdiction only exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. However, "[i]f the asserted basis of the federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005).

The plaintiff alleges that Belmont improperly and illegally seized his property when Belmont withheld funds from a court-ordered sale of marital property. Filing 1 at 8. The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. Because due process

rights are protected only against infringement by state actors, *see* U.S. Const. amend. XIV § 1, the action involved must include conduct that is "fairly attributable" to a state actor. *Meier v. City of St. Louis,* 78 F.4th 1052 (8th Cir. 2023) (citing *Luger v. Edmondson Oil Co.,* 457 U.S. 922 (1982)).

The plaintiff makes an allegation Belmont was an officer of the Court. Although lawyers are often referred to as "officers of the court" in a general sense, private attorneys are not state actors so as to subject them to claims for Fourteenth Amendment violations. *See In re Application of Griffiths,* 413 U.S. 717, 728-29 (1973).

The plaintiff's remaining claims for defamation, fraudulent misrepresentation, conversion and conspiracy are all asserted under Nebraska law. Consequently, there is no discernable "federal question" alleged in the complaint.

### (ii) Diversity

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). A complaint will be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the value of the claim does not exceed $75,000. *Jones v. Burns,* 330 F. App'x 624, 624 (8th Cir. 2009). The $75,000 amount in controversy requirement is met if the sum claimed by the plaintiff is made in good faith. *DuBose v. Int'l House of Pancakes,* 989 F.2d 504 (8th Cir. 1993). If the amount in controversy is challenged, the party invoking jurisdiction must prove the amount in controversy by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.,* 410 F.3d 1029, 1031 (8th Cir. 2005)

7

"[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)

The parties are diverse and the plaintiff alleges his damages are in excess of $100,000.00. The plaintiff seeks compensatory damages, punitive damages, and injunctive relief. Although the plaintiff is a citizen of Texas where exemplary or punitive damages are allowed, this case is governed by Nebraska substantive law. *See Floyd Cnty. Mut. Ins. Ass'n v. CNH Indus. Am. LLC,* 18 F. 4th 1024, 1025 (8th Cir. 2021) ("In a diversity case, state law governs the extent of damages available to a successful plaintiff."). Under Nebraska law, "punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction. *O'Brien v. Cessna Aircraft Co.,* 298 Neb. 109, 139, 903 N.W.2d 432, 458 (2017).

George's complaint asserts he suffered economic and non-economic damages related to his claims for fraudulent misrepresentation, defamation, conversion, and undue seizure. This Court found it had jurisdiction in 8:23-cv-56 because the amount of damages available in an action for libel or slander is almost entirely in the jury's discretion. *See McCune v. Neitzel,* 457 N.W.2d 803, 811 (1990). In an action for defamation, a plaintiff may recover general damages for harm to reputation, special damages, damages for mental suffering, or, if the plaintiff cannot prove those damages, nominal damages. *Id.* (collecting cases).

At this early stage of the proceedings, drawing all inferences of law and fact in favor of the plaintiff, it cannot be stated that it appears to a legal certainty that George cannot recover more than $75,000, particularly where he

has not yet been given the opportunity to present evidence related to damages. The plaintiff has sufficiently alleged a basis of subject matter jurisdiction.

(b) Fraudulent Misrepresentation

The plaintiff alleges "the representations made by the Defendant Wintroub with regards to the attorney lien were false and fraudulent and Defendant Belmont's collusion with this fraud also constitutes fraud in and of itself." Filing 1 at 5. Under Nebraska law fraudulent misrepresentation requires proof that (1) a representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that the plaintiff should rely on it; (5) the plaintiff did so rely on it; and (6) the plaintiff suffered damage as a result. Zawaideh v. Neb. Dep't of Health & Human Servs., 825 N.W.2d 204, 212 (Neb. 2013).

The defendant urges the Court to find this claim is barred by res judicata. In previous cases, the plaintiff has alleged common law fraud,[1] fraud on the court,[2] fraudulent misrepresentation,[3] and fraud[4] in previous cases. However, res judicata requires that the same parties or their privies were involved in both cases. Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting Lane v. Peterson,

---

[1] Claim One in 8:20-cv-529, dismissed because it was not properly raised in federal court.

[2] Claim Four in 8:21-cv-424, dismissed with prejudice per the parties' stipulation.

[3] Claim Two in 8:20-cv-529, dismissed because it was not properly raised in federal court; Claim Four in 8:23-cv-56, dismissed in filing 42.

[4] Claim Seven in 8:21-cv-424, dismissed with prejudice per the parties' stipulation.

9

899 F.2d 737, 741 (8th Cir. 1990)). The plaintiff has not previously alleged Belmont's collusion with *Wintroub's* fraud in this Court, therefore the Court must consider the plaintiff's claim as alleged.

However, there is no allegation that Belmont made any false or reckless representations of information *to the plaintiff* upon which he relied. *See id.* The plaintiff's claim for fraudulent misrepresentation does not meet the pleading standard for Fed. R. Civ. P. 8 and appears to be an attempt to replead defamation, collusion, fraud, and/or conspiracy under another heading. Count II of the amended complaint will be dismissed as to Belmont.

(c) Defamation

In Nebraska, a defamation claim has four elements: (1) false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Steinhausen v. HomeServices of Neb., Inc.*, 857 N.W.2d 816, 828 (Neb. 2015). "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* "The threshold question in a defamation suit is whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion." *Id.* (citing *Wheeler v. Nebraska State Bar Ass'n*, 508 N.W.2d 917 (Neb. 1993)).

In case no 8:23-cv-56, the plaintiff asserted Belmont made certain statements regarding money the plaintiff allegedly owed to Edward Wintroub. This Court found the plaintiff alleged an insufficient factual basis to state a claim for defamation. Filing 42 at 13 in case no. 8:23-cv-56. The plaintiff makes

10

a similar argument here, alleging that the defendants made statements about the plaintiff's failure to pay an alleged debt. Specifically, he alleges:

> Each of the Defendants not only called the Plaintiff an offensive racial slur but also accused the Plaintiff of being a liar and a fraud by claiming that the Plaintiff did not pay him when he clearly had knowledge to the contrary based on the canceled checks in the instant matter thereby constituting defamation and warranting damages to be issued to the Plaintiff in an amount to be determined in a trial by jury.

Filing 1 at 6-7.

In the statement of facts, the plaintiff alleges Wintroub demanded payment and tried to enforce a fraudulent lien. There is no allegation that any money was owed to Belmont or that he made any statements to that effect. Additionally, while the plaintiff alleges Wintroub used one or more racial slurs toward the plaintiff, there is no specific allegation that Belmont did. *See* filing 1 at 3. Paragraph 34 is clearly directed to Wintroub, the plaintiff's former attorney and alleged lienholder.

As to Belmont, the plaintiff has not alleged a sufficient factual basis to state a claim for defamation. *See Steinhausen*, 857 N.W.2d at 828. The plaintiff's defamation claim will be dismissed as it relates to Belmont.

(d) Conversion, Undue Seizure, Civil Conspiracy

In Count IV, the plaintiff alleges "the Defendants wrongfully and unlawfully converted property belonging to the Plaintiff in the instant matter thereby constituting unlawful conversion." Filing 1 at 7. In Count V, the plaintiff alleges Belmont improperly retained property the plaintiff was

11

entitled to through the plaintiff and Jeanie's decree of dissolution. Belmont advised the state court judge that he was concerned about protecting Wintroub's lien. The plaintiff alleges the protection of the lien was Belmont's justification for retaining the seized property. Filing 1 at 8. Finally, in Count VI, the plaintiff alleges Belmont and Wintroub conspired to defraud him through the proceedings in state court.

Belmont argues that abstention is appropriate because all of plaintiff's contentions in Counts IV, V, and VI relate to the state court proceedings between the plaintiff and Jeanie, and matters related to the dissolution decree are ongoing.

Claims IV and VI are alleged as to both defendants and refer to them as a unit. Accordingly, as to Wintroub, the Court considers abstention *sua sponte*. See *Robinson v. City of Omaha,* 866 F.2d 1042, 1043 (8th Cir. 1989); *see also Geier v. Missouri Ethics Comm'n,* 715 F.3d 674, 676 (8th Cir. 2013) (affirming dismissal where the district court abstained *sua sponte* under *Younger*).

Abstention is a doctrine designed to promote federal-state comity and is required when a federal court decision would disrupt the establishment of coherent state policy. *Ankenbrandt v. Richards,* 504 U.S. 689, 704-705 (1992). Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Id.* at 705. And abstention rarely should be invoked because the federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Id.*; *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 814 (1976). But abstention under *Younger v. Harris,* 401 U.S. 37 (1971) and its progeny may be appropriate where a state proceeding is ongoing or important state interests are at stake. See *Ankenbrandt,* 504 U.S. at 705; *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Yamaha Motor Corp., U.S.A. v. Stroud,* 179 F.3d 598, 602 (8th Cir.

12

1999); *Amerson v. Iowa*, 94 F.3d 510, 512 (8th Cir. 1996). In particular, *Younger* abstention is applicable where the state proceeding qualifies as (1) a criminal prosecution, (2) a civil enforcement proceeding that is akin to a criminal prosecution, or (3) a proceeding implicating a state's interest in enforcing the orders and judgments of its courts. *Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013); *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018).

This Court has previously applied abstention principles to claims between the plaintiff and Belmont where the claims directly related to the action pending in state court.[5] In that earlier case, the plaintiff's claims rested on allegations that Belmont lied during the divorce trial. *George v. Belmont*, 2021 WL 2117243, at *4. This Court determined that awarding the plaintiff damages would be deliberately intended to undo the state court's property settlement based on factual findings necessarily contradicted by its decree. *Id.* Accordingly, the proceeding implicated the state's interest in enforcing the orders and judgments of its courts and substantially related to a pending state proceeding, making *Younger* abstention appropriate. *Id.*

For the undue seizure claim against Belmont, the plaintiff references Alex and Jeanie George's Decree of Dissolution of Marriage, wherein the district court allegedly ordered Belmont to sell certain marital property and

---

[5] In *George v. Belmont*, this Court acknowledged that the state court case was between the plaintiff and Jeanie, while the federal case was between the plaintiff and Belmont, but found it was a distinction without a difference because the plaintiff's claim for damages against Belmont were based solely on the state court issuing a divorce decree that the plaintiff claimed was erroneous. *George v. Belmont*, No. 8:20-CV-529, 2021 WL 2117243 (D. Neb. May 25, 2021), *aff'd.*, No. 21-2260, 2021 WL 5895134 (8th Cir. Dec. 14, 2021).

13

then distribute the profits between Jeanie and the plaintiff. If the plaintiff is requesting this Court to interpret, reconsider, enforce, or modify the trial court's order, this Court will decline; matters related to the decree of dissolution between Jeanie and George are squarely in the power of the deciding court. See *George v. Belmont,* 2021 WL 2117243, at *3. To the extent that the plaintiff maintains that Belmont has acted inappropriately when carrying out the directions of the state court, this Court cannot provide the relief that the plaintiff seeks. The issue must be resolved by the state court.

The conversion and civil conspiracy[6] claims rest on the plaintiff's allegation that both plaintiffs committed various acts of dishonesty resulting in an erroneous dissolution decree. The plaintiff clearly believes the attorneys involved in the dissolution action conspired to defraud him and/or convert his property.

Since the filing of this case, the plaintiff has filed a new complaint to vacate, and Jeanie filed a motion to dismiss the complaint in the trial court. These issues are still pending. This Court will again find certain claims asserted by the plaintiff implicate a state's interest in enforcing the orders and judgments of its courts, and is substantially related to a pending state proceeding, making *Younger* abstention appropriate. *George v. Belmont,* 2021

---

[6] For the sake of completeness, the Court notes that Belmont argues the civil conspiracy claim is barred by res judicata because a claim for civil conspiracy was previously dismissed with prejudice. See 8:21-cv-424. However, the previous case alleged a conspiracy between Jeanie, Belmont, and Belmont's law partner, while the plaintiff has alleged a conspiracy in this case between Belmont and Wintroub. Because the dismissed conspiracy case does not involve the same alleged conspirators, the claim is not barred by res judicata. *See Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers,* 390 F.3d 1049, 1052 (8th Cir. 2004)

WL 2117243, at *4; *see also* filing 42 in case no 8:23-cv-56. Claims IV, V, and VI will be dismissed as to both defendants.

## 2. MOTIONS FOR RULE 11 SANCTIONS

Belmont has moved for sanctions pursuant to Fed. R. Civ. P. 11(c)(2). Rule 11 sanctions may be warranted when a pleading is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; contains allegations or factual contentions that lack evidentiary support; or contains denials of factual contentions that are not warranted on the evidence. *Whitten v. City of Omaha*, 199 F. Supp. 3d 1224, 1236 (D. Neb. 2016). "[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (citation omitted). In the context of Rule 11, "appellate courts have forcefully suggested that trial courts consider which sanction constitutes the least severe sanction that will adequately deter the undesirable conduct." *Id.* (quotation omitted).

The Court has found that the plaintiff has asserted claims which are not properly raised in this court, and he has not otherwise adequately stated a claim against Belmont. While the plaintiff is unable to frame his grievances against Belmont as sustainable claims for relief in this Court, it is not beyond the pale for the plaintiff to believe that at least some of his dispute with the defendants is susceptible to judicial resolution. *Blues Events, LLC v. Lincoln Pro. Baseball, Inc.*, No. 4:13-CV-3101, 2014 WL 347059, at *9 (D. Neb. Jan. 30, 2014). Accordingly, the motions for sanctions will be denied *at this point*.

However, the court notes that 8:23-cv-56 was filed in February 2023, and this case was filed in August 2023. At the time this case was filed, Belmont's motion to dismiss and motion for sanctions were pending in 8:23-cv-56. The

15

plaintiff has asserted claims for defamation, undue seizure (8:23-cv-338), seizure of property without due process (8:23-cv-56), and fraudulent misrepresentation against Belmont in both cases. While the factual allegations are slightly different in each case, all of the plaintiff's claims relate to Belmont's representation of Jeanie George, the ongoing state court litigation and the facts and circumstances surrounding George and Jeanie's dissolution decree. This Court will not be providing the relief the plaintiff is requesting as to Belmont, and the plaintiff is cautioned to carefully consider this Order and the ongoing litigation in state court to avoid any unjustified and duplicative future litigation which may be considered misconduct.

IT IS ORDERED:

1. Ben Belmont's motion to dismiss (filing 9) is granted.

2. The plaintiff's claims against Belmont are dismissed, and Belmont is terminated as a party to this case.

3. Claims IV and VI are dismissed as to Edward L. Wintroub.

4. Belmont's motions for sanctions (filing 14) is denied.

Dated this 22nd day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge