IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER A. GEORGE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>EDWARD L. WINTROUB,<br><br>　　　　　Defendant. | 8:23CV338<br><br>**ORDER** |

Before the Court is Defendant's Motion to Compel, Filing No. 35, wherein Defendant requests the Court order Plaintiff to answer discovery previously served upon Plaintiff. Defendant also requests sanctions.

## BACKGROUND

On August 4, 2023, Plaintiff filed a complaint in this matter. Filing No. 1. After motion practice, the remaining claims set forth in the complaint include breach of contract, fraudulent misrepresentation, defamation, conversion, and civil conspiracy.

Defendant served interrogatories and requests for production of documents on Plaintiff on June 4, 2024.[1] Filing Nos. 38, 41. According to Defendant, despite his requests that Plaintiff provide "responsive, legible and cogent responses" to the discovery at issue, Plaintiff has not done so. Filing No. 41. Plaintiff presented

---

[1] Defendant previously served the same requests and filed a corresponding motion to compel. Filing Nos. 22, 35-1, 38, 41. The Court denied the motion to compel without prejudice as premature. Filing No. 23.

1

evidence indicating he served objections to the discovery in November 2024, which was after the present motion to compel was filed.[2] Filing No. 42.

The Court ordered the parties to file and serve evidentiary materials in support of the pending motion and both parties complied. Filing No. 40, 41, and 42.

## ANALYSIS

Defendant filed a motion to compel requesting Plaintiff provide "responsive, legible and cogent responses" to his discovery. Pursuant to this Court's progression order, the discovery served upon Plaintiff on June 4, 2024, was timely. Filing No. 30. Moreover, based upon the submissions presented to the Court, the undersigned finds there is sufficient evidence indicating the discovery has been served and Defendant attempted to confer with Plaintiff regarding the discovery at issue.[3]

The undersigned has reviewed the requests as well as the responses provided by Plaintiff.[4] Filing No. 42. Each response contains an identical objection, which is "Objection Initial disclosure was not filed as ordered previously answered." This is not an appropriate objection pursuant to the Federal Rules of Civil Procedure. Each objection is overruled, and Plaintiff is ordered to respond to each discovery request, in full.

Given the state of Plaintiff's January 22, 2024, response to discovery, Plaintiff is ordered to ensure his supplemental responses to these interrogatories

---

[2] The date on the certificate of service is illegible but appears to be November 27, 2024.

[3] The court filings indicate the discovery at issue was served and, further, that "Counsel for Defendant has made repeated requests that Plaintiff provide responsive, legible and cogent responses to the requested discovery and Plaintiff has stated that he will not do this." Filing Nos. 38, 41.

[4] The Court has also reviewed the responses to the discovery requests that were prematurely served on Plaintiff and agree with Defendant that the responses are illegible.

are legible and, if possible, typed. If Plaintiff is unable to type the answers to these interrogatories, Plaintiff must ensure his handwritten answers are readable. If, after resubmitting his answers, Defendant's counsel still indicates they are illegible, Plaintiff is to work with Defendant's counsel to relay the content of his interrogatory responses.

Finally, Defendant requests sanctions in conjunction with this motion to compel. Fed. R. Civ. P. 37 provides that if a motion to compel is granted, sanctions must be awarded to the moving party absent certain exceptions. The undersigned recognizes Plaintiff is pro se. The undersigned will not issue sanctions because of the Court's order on this motion to compel solely due to Alexander's pro se status and indications, in his briefing, that he will fully answer the discovery as ordered by the Court. However, should Plaintiff not fully comply with this order within the time period ordered herein, the Court will seriously consider the imposition of sanctions, including but not limited to dismissal of the above-captioned matter. Any request for sanctions or a protective order by Plaintiff is denied.[5]

Accordingly,

Defendant's Motion to Compel, Filing No. 35, is granted in part and denied in part. Plaintiff is to provide responses to the June 2024 discovery requests, in the manner discussed herein, by January 6, 2025.

IT IS SO ORDERED.

---

[5] The Court notes Plaintiff's complaints regarding contacts from Defendant and his counsel. The Court outlined how the parties should properly communicate in its April 2024 Final Progression Order. Filing No. 30. Both parties are warned that if either communicate with each other using profanities or disrespectful language moving forward the Court will consider appropriate sanctions.

Dated this 4th day of December, 2024.

                                    BY THE COURT:

                                    *s/ Jacqueline M. DeLuca*
                                    United States Magistrate Judge