IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALEXANDER A. GEORGE,

          Plaintiff,

vs.

EDWARD L. WINTROUB,

          Defendant.

8:23-CV-338

ORDER

      The plaintiff has filed a motion (filing 44) seeking to voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(2). The Court will grant that motion, with conditions.

      When ruling on a Rule 41(a)(2) motion, the Court must consider the so-called "*Hamm* factors": whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (citing *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). But "prejudice" in this context means something other than the necessity that defendant might face of defending another action. *Id.* at 1030 (citing *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984); *Young v. Southern Pacific Co.*, 25 F.2d 630, 632 (2d Cir. 1928) (Hand, J., concurring)). So, courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit. *Id.*

      The Court finds the plaintiff's explanation for voluntary dismissal—poor health—to be an adequate explanation for dismissal. But the Court and the defendant have already been obliged to deal with dispositive motions and

discovery disputes, and that effort will have been wasted should the plaintiff refile his pending claims.

The Court finds that an unconditional dismissal without prejudice is unwarranted. The Court will, rather, dismiss this case without prejudice—but should the plaintiff file a new action including claims he brought in this case, the new case will be stayed until the plaintiff pays the costs of this action. *See* Rule 41(d).

IT IS ORDERED:

1. The plaintiff's motion to dismiss (filing 44) is granted.

2. This case is dismissed without prejudice.

3. The plaintiff shall be required to pay the costs of this action should he file another action based on or including the same claims against the same defendants.

4. This case is closed.

5. A separate judgment will be entered.

Dated this 13th day of January, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge